IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| PRINCE MCCOY | § | |
| VS. | § | CIVIL ACTION NO. 1:21-cv-175 |
| ERIC NOMO, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Prince McCoy, a prisoner confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Eric Nomo, Martin Arellano, Taofilk Aileru, Kerry Redus, Rodriguez, Jared Oneal, and Alonzo Turner.

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff filed a Motion for Preliminary Injunction and Temporary Restraining Order. (Doc. #22.) Defendants Aileru and Redus have filed a Response. (Doc. #24.) This Report and Recommendation considers the merits of the Motion.

## Motion for Preliminary Injunction

Plaintiff alleges that the law library supervisor schedule his law library sessions at 8:00 a.m. for a two-week period of time. Plaintiff requests injunctive relief requiring the law library supervisor and the warden to assign Plaintiff to the 4:45 a.m. law library session Monday through Friday, instead of the 8:00 a.m.–10:00 am session because the daily count is at 8:00 a.m.

## Discussion

A party seeking a temporary restraining order or preliminary injunction must establish the following elements: (1) there is a substantial likelihood the party will prevail on the merits; (2) a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendants; and (4) the granting of the preliminary injunction will not disserve the public interest. *Lakedreams v. Taylor*, 932 F.2d 1103,

1107 (5th Cir. 1991). Relief should be granted only if the party seeking relief has clearly carried the burden of persuasion as to all four elements. *Black Fire Fighters Ass'n v. City of Dallas*, 905 F.2d 63, 64 (5th Cir. 1990).

Plaintiff requests injunctive relief requiring the law library supervisor and the warden, who are not defendants to this action, to allow Plaintiff to attend a different law library session. Plaintiff is not entitled to injunctive relief because he has not shown a substantial threat of irreparable harm if injunctive relief is not granted. Plaintiff has not alleged facts from which the court could conclude that the shortened law library sessions for a two-week period of time interfered with his ability to litigate this action. Therefore, his motion for injunctive relief should be denied.

## Recommendation

Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order should be denied.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 1st day of July, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE