IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| PRINCE MCCOY, SR. | § | |
| VS. | § | CIVIL ACTION NO.   1:21-CV-175 |
| ERIK NDOUMOU, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Prince McCoy, Sr., a prisoner confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Eric Ndoumou, Martin Arellano, Taofilk Aileru, Kerry Redus, Rodriguez, Jared Oneal, and Alonzo Turner.

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendants Aileru and Redus filed a Motion for Summary Judgment.[1] (Doc. #33.) Plaintiff has filed a Response. (Doc. #63.) This Report and Recommendation considers the merits of the Motion and Plaintiff's Response.

Factual Background

On May 13, 2020, at 4:25 a.m., Plaintiff alleges Defendant Ndoumou refused Plaintiff's request to call Defendant Redus to report that Plaintiff was denied medical treatment for low blood sugar. Plaintiff alleges he refused to allow Defendant Ndoumou to remove his handcuffs. Defendant

---

[1] Defendants' original Motion for Summary Judgment is filed under seal because it contains Plaintiff's medical records and references to those records. Defendants Aileru and Redus also filed a redacted version of their Motion for Summary Judgment (doc. #51).

Ndoumou closed the food slot on Plaintiff's cell door and said that Plaintiff was not eating. Plaintiff alleges he reopened the food slot, put his hands through the opening, and said that he needed to eat because his blood sugar was low. Plaintiff alleges Defendant Ndoumou grabbed the belly belt that was connected to Plaintiff's handcuffs, yanked it "with all his strength," and said, "You gone give me these cuffs. I'm tired of your shit." (Doc. #1 at 4.) Plaintiff alleges this went on for five minutes.

Another officer radioed for assistance, and Defendants Arellano, Aileru, Rodriguez, and Redus came to Plaintiff's cell. Plaintiff told them that what Defendant Ndoumou had done and also advised them that he needed medical attention and he needed to eat because his blood sugar was low. Defendant Redus told Plaintiff that he would make sure that Plaintiff received medical care after Defendant Redus was done conducting disciplinary hearings if Plaintiff gave up the handcuffs. Plaintiff refused to give the handcuffs to the Defendants. At that point, Defendant Redus allegedly told Defendant Rodriguez to get a five-man team ready to go in Plaintiff's cell because they could not use chemical agents on Plaintiff. When an inmate in a neighboring cell said that the officers were supposed to take Plaintiff to the medical department after a use of force, Defendant Rodriguez allegedly responded, "Yeah you're right. I just don't want it to seem to my officers that I'm siding with McCoy or to let McCoy have his way." (Doc. #1 at 10.) Plaintiff alleges the five-man team came into his cell without Defendant Rodriguez first giving a final order for Plaintiff to comply. Plaintiff alleges he gave up the handcuffs, but he was not taken to the medical department until the next shift came on duty. The nurse on duty told Plaintiff to report the incident to the shift supervisor.

Plaintiff notified Defendant Oneal and Turner of the incident, and Defendant Oneal took photographs of Plaintiff's wrist. Plaintiff alleges Defendants Oneal and Turner tried to cover up the incident, and that Defendant Oneal did not take "real pictures" of Plaintiff's injuries.

Defendants' Motion

Defendants[2] contend that they were not personally involved in the use of force by Defendant Ndoumou. Defendants also assert that they are entitled to qualified immunity with respect to the claims of delayed medical treatment.

Standard of Review

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(a). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech*, 334 F.3d at 427.

The party seeking summary judgment bears the initial burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). After a proper motion for

---

[2] Although Defendants Arellano, Rodriguez, Oneal, and Turner have not answered the Complaint or joined in the Motion, the Motion for Summary Judgment inures to the benefit of those Defendants as well. *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (allowing non-answering defendants to benefit from the summary judgment motion filed by appearing defendants). Defendant Ndoumou has appeared and filed his own Motion for Summary Judgment (doc. #72). That claims against Defendant Ndoumou will not be addressed in this Report and Recommendation.

summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 994 F.3d 704, 708 (5th Cir. 2021); *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003).

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. Texas*, 929 F.2d 168, 170 (5th Cir. 1991). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Naranjo v. Thompson*, 809 F.3d 793, 806 (5th Cir. 2015) (*quoting Murrell v. Bennett,* 615 F.2d 306, 311 (5th Cir. 1980)).

<u>Analysis</u>

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, causes a person to be deprived of a federally-protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Phillips v. Monroe Cnty.*, 311 F.3d 369, 373 (5th Cir. 2002). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983.

I. Personal Involvement

To successfully pursue a cause of action in a civil rights case, Plaintiff must enunciate a set of facts that illustrate the defendants' participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). In this instance, Plaintiff does not allege any facts, and has not

submitted any competent summary judgment evidence, demonstrating that Defendants Arellano, Aileru, Redus, Rodriguez, Oneal, or Turner were personally involved in using force against Plaintiff. Although Plaintiff claims that Defendants Oneal and Turner did not properly investigate or document Plaintiff's complaints about the use of force, such claims do not rise to the level of a constitutional violation. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

*II. Qualified Immunity*

The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Federal courts use a two-part test to determine whether the defendants are entitled to qualified immunity. *Freeman v. Texas Dep't of Crim. Just.*, 369 F.3d 854, 863 (5th Cir. 2004). First, the court must determine whether Plaintiff's allegations, if true, establish a constitutional violation. *Hope*, 536 U.S. at 736; *Freeman*, 369 F.3d at 863. If a constitutional right was violated, the court must decide whether the right was clearly established at the time of the violation. *Freeman*, 369 F.3d at 863. Clearly established rights should not be defined broadly. *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). "For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent.'" *Hope*, 536 U.S. at 739 (*quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

The district court has discretion to decide which prong of the two-part test to address first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). In this case, the court will start with the first prong of the test and determine whether the competent summary judgment evidence shows that Defendants Arellano, Aileru, Redus, Rodriguez, Oneal, and Turner were deliberately indifferent to Plaintiff's serious medical needs by failing to ensure he received medical treatment after the use of force by Defendant Ndoumou.

Although the Eighth Amendment does not explicitly mandate a certain level of medical care for prisoners, the cruel and unusual punishment clause has been interpreted to impose a duty on prison officials to provide inmates with adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999). A prison official's deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment, whether the indifference is manifested by prison doctors or by prison guards. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *Domino v. Texas Dep't of Crim. Just.*, 239 F.3d 752, 754 (5th Cir. 2001).

An Eighth Amendment claim consists of two components--one objective and one subjective. *Farmer*, 511 U.S. at 839. To satisfy the objective requirement, Plaintiff must prove that he was exposed to a substantial risk of serious harm. *Id.* at 834; *Lawson v. Dallas County*, 286 F.3d 257, 262 (5th Cir. 2002). Plaintiff must also demonstrate that the defendants were deliberately indifferent to that risk. *See Farmer*, 511 U.S. at 834; *Lawson*, 286 F.3d at 262. The deliberate indifference standard is a subjective inquiry; Plaintiff must establish that the defendants were aware of an excessive risk to Plaintiff's health or safety, and yet consciously disregarded the risk. *Farmer*, 511 U.S. at 840-41; *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002); *Stewart*, 174 F.3d at 534.

Mere negligence, neglect, or medical malpractice does not rise to the level of a constitutional violation. *Domino*, 239 F.3d at 756 ("It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference."); *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999) ("[A]llegations of malpractice or negligence will never state a claim under the Eighth Amendment."); *Stewart*, 174 F.3d at 534. An inmate's disagreement with his medical treatment does not amount to an Eighth Amendment violation. *Stewart*, 174 F.3d at 537; *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). A delay in medical care does not rise to the level of an Eighth Amendment violation unless the defendants exhibited deliberate indifference, which resulted in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). To survive summary judgment, "the plaintiff must show that the officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino*, 239 F.3d at 756 (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Defendants do not dispute Plaintiff's assertion that they failed to ensure he received medical attention immediately after the use of force by Defendant Ndoumou. The incident took place at approximately 4:25 a.m on Mary 13, 2020. Plaintiff reported the use of force to officers after the shift change, and he was brought to the medical department to see a nurse that same day. (Doc. #1 at 10.) Although there was some delay in him receiving medical attention, Plaintiff has not presented any evidence demonstrating that he was harmed by the delay.

The competent summary judgment evidence is insufficient to create a genuine issue of material fact that Defendants Arellano, Aileru, Redus, Rodriguez, Oneal, or Turner consciously disregarded a risk of harm by failing to provide him with immediate medical attention. Their

conduct does not rise to the level of egregious intentional conduct required to satisfy the deliberate indifference standard. *See Gobert v. Caldwell*, 463 F.3d 339, 351 (5th Cir. 2006). Because Plaintiff has not shown that Defendants Arellano, Aileru, Redus, Rodriguez, Oneal, or Turner violated his clearly-established rights under the Eighth Amendment, they are entitled to qualified immunity.

## Recommendation

Defendants' Motion for Summary Judgment should be granted, and the claims against Defendants Arellano, Aileru, Redus, Rodriguez, Oneal, and Turner should be dismissed with prejudice.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**SIGNED this the 27th day of February, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE