IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| PRINCE MCCOY, SR. | § | |
| VS. | § | CIVIL ACTION NO.   1:21-CV-175 |
| ERIK NDOUMOU | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Prince McCoy, Sr., a prisoner previously confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Eric Ndoumou.[1] Defendant was a correctional officer employed at the Stiles Unit at the time of the events that form the basis of Plaintiff's Complaint.

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendant filed a Motion for Summary Judgment (doc. #72), and Plaintiff has had an opportunity to file a response. This Report and Recommendation considers the merits of the Motion.

Factual Background

On May 13, 2020, at 4:25 a.m., Plaintiff requested Defendant Ndoumou to notify Captain Redus that Plaintiff was denied medical treatment for low blood sugar. Plaintiff alleges Defendant Ndoumou denied his request, so Plaintiff refused to allow Defendant Ndoumou to remove his handcuffs. Defendant Ndoumou closed the food slot on Plaintiff's cell door and said that Plaintiff

---

[1] Defendants Martin Arellano, Taofilk Aileru, Kerry Redus, Rodriguez, Jared Oneal, and Alonzo Turner were granted summary judgment and dismissed from this action.

would not get anything to eat for breakfast. Plaintiff alleges he reopened the food slot, put his hands through the opening, and said that he needed to eat because his blood sugar was low. Plaintiff states that he tried to give Defendant Ndoumou the handcuffs, but Defendant Ndoumou grabbed the belly belt that was connected to Plaintiff's handcuffs, yanked it "with all his strength," and said, "You gone give me these cuffs. I'm tired of your shit." (Doc. #1 at 4.) Plaintiff alleges this went on for five minutes.

Another officer radioed for assistance, and more officers came to Plaintiff's cell. Plaintiff told them what Defendant Ndoumou had done, advised them that he needed medical attention, and said he needed to eat because his blood sugar was low. Captain Redus told Plaintiff that he would make sure that Plaintiff received medical care after Captain Redus was done conducting disciplinary hearings if Plaintiff gave up the handcuffs. Plaintiff continued to refuse to relinquish the handcuffs unless he received medical treatment. At that point, Defendant Redus allegedly told Defendant Rodriguez to assemble a five-man team to go in Plaintiff's cell because they could not use chemical agents on Plaintiff due to his health conditions. Plaintiff alleges the five-man team came into his cell without giving a final order for Plaintiff to comply. Plaintiff alleges he gave up the handcuffs, but he was not taken to the medical department until the next shift came on duty. The nurse on duty told Plaintiff to report the incident to the shift supervisor.

Defendant's Motion

Defendant contends that he did not use excessive force against Plaintiff and was not deliberately indifferent to Plaintiff's serious medical needs. Defendant also asserts that he is entitled to qualified immunity. In support of the Motion, Defendant submitted portions of Plaintiff's medical records. (Exhibit A.)

Standard of Review

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(a). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech*, 334 F.3d at 427.

The party seeking summary judgment bears the initial burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 994 F.3d 704, 708 (5th Cir. 2021); *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003).

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. Texas*, 929 F.2d 168, 170 (5th Cir. 1991). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Naranjo v. Thompson*, 809 F.3d 793, 806 (5th Cir. 2015) (quoting *Murrell v. Bennett,* 615 F.2d 306, 311 (5th Cir. 1980)).

Analysis

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, causes a person to be deprived of a federally-protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Phillips v. Monroe Cnty.*, 311 F.3d 369, 373 (5th Cir. 2002). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983.

I. *Qualified Immunity*

The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Federal courts use a two-part test to determine whether the defendants are entitled to qualified immunity. *Freeman v. Texas Dep't Crim. Just.*, 369 F.3d 854, 863 (5th Cir. 2004). First, the court must determine whether Plaintiff's allegations, if true, establish a constitutional violation. *Hope*, 536 U.S. at 736; *Freeman*, 369 F.3d at 863. If a constitutional right was violated, the court must decide whether the right was clearly established at the time of the violation. *Freeman*, 369 F.3d at 863. Clearly established rights should not be defined broadly. *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). "For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is

protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent.'" *Hope*, 536 U.S. at 739 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

The district court has discretion to decide which prong of the two-part test to address first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). In this case, the court will start with the first prong of the test and determine whether Plaintiff's allegations, if true, establish a violation of his constitutional rights.

## II. Excessive Force

"Whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley*: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). Several factors are relevant in determining whether the force used was excessive: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. *Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998).

Not every malevolent touch by a prison guard gives rise to a federal cause of action. *Hudson*, 503 U.S. at 9. The Eighth Amendment prohibition against cruel and unusual punishment "necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9, *quoting Whitley*, 475 U.S. at 327; *see Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993)

(spraying inmate with a fire extinguisher after the fire was out was a de minimis use of physical force and was not repugnant to the conscience of mankind where the inmate suffered no physical injury). The extent of the injury is relevant to an excessive force claim because it may be an indication of the amount of force used. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). "Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts." *Id*.

Defendant Ndoumou contends the use of force was justified by Plaintiff's refusal to obey his orders to relinquish the handcuffs, which can be used as a deadly weapon. Defendant Ndoumou contends he closed the food slot to avoid using force, but Plaintiff escalated the situation by reopening, and placing his hands through, the food slot. Defendant Ndoumou asserts that he grabbed the belly-belt attached to the handcuffs and pulled it in an effort to retrieve the handcuffs. When the effort was unsuccessful, Defendant Ndoumou ceased the use of force and his supervisor took over handling the situation. Defendant Ndoumou also contends that Plaintiff's injuries were *de minimis*.

Plaintiff offers a very different account of the incident. Plaintiff admits that he initially refused to obey Defendant Ndoumou's order to relinquish the handcuffs. After Defendant Ndoumou closed the food slot door and told Plaintiff that he would not be served breakfast, Plaintiff states that he placed his hands back through the food slot door so that Defendant Ndoumou could remove the handcuffs. According to Plaintiff's version of the events, he was not resisting the removal of the handcuffs at that time, it was not reasonable for Defendant Ndoumou to perceive a threat, and there was no need for Defendant Ndoumou to use any force to retrieve the handcuffs. However, instead of simply removing the handcuffs, Plaintiff alleges Defendant Ndoumou grabbed the belly chain attached to the handcuffs and yanked the chain hard for five minutes, causing Plaintiff's wrists to swell and bleed.

At the summary judgment stage, the court may not make credibility determinations and must accept Plaintiff's version of the facts as true. There is a genuine issue of material fact regarding the circumstances of the use of force, and Defendant Ndoumou is not entitled to qualified immunity at this stage. Thus, the Motion for Summary Judgment must be denied with respect to the excessive force claim.

## III. Delayed Medical Treatment

Although the Eighth Amendment does not explicitly mandate a certain level of medical care for prisoners, the cruel and unusual punishment clause has been interpreted to impose a duty on prison officials to provide inmates with adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999). A prison official's deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment, whether the indifference is manifested by prison doctors or by prison guards. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *Domino v. Texas Dep't Crim. Just.*, 239 F.3d 752, 754 (5th Cir. 2001).

An Eighth Amendment claim consists of two components--one objective and one subjective. *Farmer*, 511 U.S. at 839. To satisfy the objective requirement, Plaintiff must prove that he was exposed to a substantial risk of serious harm. *Id.* at 834; *Lawson v. Dallas Cnty.*, 286 F.3d 257, 262 (5th Cir. 2002). Plaintiff must also demonstrate that Defendant Ndoumou was deliberately indifferent to that risk. *See Farmer*, 511 U.S. at 834; *Lawson*, 286 F.3d at 262. The deliberate indifference standard is a subjective inquiry; Plaintiff must establish that Defendant was aware of an excessive risk to Plaintiff's health or safety, and yet consciously disregarded the risk. *Farmer*,

511 U.S. at 840-41; *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002); *Stewart*, 174 F.3d at 534.

Mere negligence, neglect, or medical malpractice does not rise to the level of a constitutional violation. *Domino*, 239 F.3d at 756 ("It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference."); *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999) ("[A]llegations of malpractice or negligence will never state a claim under the Eighth Amendment."); *Stewart*, 174 F.3d at 534. An inmate's disagreement with his medical treatment does not amount to an Eighth Amendment violation. *Stewart*, 174 F.3d at 537; *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). A delay in medical care does not rise to the level of an Eighth Amendment violation unless the defendants exhibited deliberate indifference, which resulted in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). To survive summary judgment, "the plaintiff must show that the officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino*, 239 F.3d at 756 (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Defendant does not dispute Plaintiff's assertion that he did not receive medical attention immediately after the use of force. The incident took place at approximately 4:25 a.m on May 13, 2020. Plaintiff reported the use of force to officers after the shift change that morning, and he was brought to the medical department to see a nurse that same day. (Doc. #1 at 10.) Although he did not receive immediate medical attention, Plaintiff has not presented any evidence demonstrating that he was harmed by the delay.

The competent summary judgment evidence is insufficient to create a genuine issue of material fact that Defendant Ndoumou consciously disregarded a risk of harm by failing to provide Plaintiff with immediate medical attention. Defendant Ndoumou's conduct does not rise to the level of egregious intentional conduct required to satisfy the deliberate indifference standard. *See Gobert v. Caldwell*, 463 F.3d 339, 351 (5th Cir. 2006). Because Plaintiff has not shown that Defendant Ndoumou violated his clearly-established rights under the Eighth Amendment, he is entitled to qualified immunity with respect to the medical claim.

## Recommendation

Defendant's Motion for Summary Judgment should be granted with respect to the medical claim and denied with respect to the excessive force claim.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

*Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 31st day of July, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE